OPINION OF THE COURT
William L. Underwood, Jr., J.
The case at bar is an action which seeks to enforce a personal guarantee executed by the defendant Susan Lundborg. It has been the subject of several prior orders and judgments of the *993 court. Although different Justices issued rulings in this matter during the past years, this case has been assigned to Part XIV, not as a result of any recusal, but pursuant to random reassignment rules designed to equalize the various caseloads between the individual IAS Parts. Accordingly, we will consider all prior orders and judgments as being issued by this court.
The constraints of court congestion act as an incentive to the use of Judicial Hearing Officers (JHO) (Governor’s Mem approving L 1983, ch 840, 1983 McKinney’s Session Laws of NY, at 2813). As stated in our earlier decision of January 28, 1997, the JHO is our representative and must be accorded the deference due the court itself. A review of the submitted correspondence from defense counsel, however, demonstrates a profound misunderstanding of this principle. The deference and authority of a Referee is binding over the litigants and not the appointing court.
In order to avoid a violation of due process, the court retains a continual authority to monitor, direct and remove any of its fiduciary representatives (People v Scalza, 76 NY2d 604 [1990]). In Scalza, the Court upheld the constitutionality of the office and function of a JHO essentially on the basis that: "the Trial Judge always keeps the plenary power to reject, accept or modify the JHO’s report in whole or in part based on the court’s independent review. Significantly, the Trial Judge designates in the first instance and holds the tether on the case throughout the completion of the referral. Indeed, the statute implicitly authorizes the trial court sua sponte or on application to cancel the referral and bring the entire matter back before itself, go beyond the written record and order further proceedings such as hearing relevant witnesses for itself if deemed necessary, or even to redo the pretrial proceedings de novo” (supra, at 608-609).
The Soalza Court addressed the use of JHOs appointed in criminal cases (GPL 255.20). The right of due process requires Soalza (supra) to be applicable to JHOs or Referees designated pursuant to CPLR 4317.
The court granted summary judgment on the issue of liability in favor of plaintiff on November 14, 1995. The JHO was appointed to resolve the amount due and owing plaintiff. In the intervening year and six months, the JHO has conducted several days of hearings and directed the production of evidence which relates to the issue of liability. This has already been determined by the court. During this same period of time, the court has been subjected to several motions relating to this *994 proceeding (the court records indicate that we are at motion sequence number 012). The foregoing demonstrate that the interests of judicial economy are not served by continuing to act through a surrogate.
Accordingly, the court exercises its inherent power and discharges the JHO from further responsibilities in this matter. The prior judgment of the court granting summary judgment in favor of plaintiff and against the defendant on the issue of liability is modified to the extent that reference to the appointment of a Judicial Hearing Officer is hereby deleted.
It is the further direction of the court that all rulings of the JHO in this matter are hereby vacated and set aside. Upon application, exhibits shall be returned to the party which submitted same. The resolution of the issue of damages shall proceed as follows: All documentary exhibits in the form of business records relating to sums owing and set off shall be submitted to the court on or before July 29, 1997. Memorandum of law are to be submitted on or before August 20, 1997.